IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KAREN BROOKS                    *
                                *
        v.                      *        Civil Action WMN-07-CV-3224
                                *
STATE OF MARYLAND, et al.       *

    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Before the Court are Defendants Board of Liquor License Commissioners for Baltimore City and the State of Maryland's Motion in Limine to Exclude Unsupported Damages Claims, Paper No. 63, and Defendants' Motion in Limine to Exclude Evidence of Plaintiff's Post-Termination Civil Service Complaint, Paper No. 68.[1] The motions are now ripe.[2] Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6). Defendants' motions in limine will be granted as set forth below.

**I.    MOTION IN LIMINE TO EXCLUDE UNSUPPORTED DAMAGES CLAIMS**

Defendants have moved for an order excluding testimony by Plaintiff that her suspension and termination from her position with the Liquor Board caused her economic and non-economic

---

[1] Defendants also moved in limine to exclude the testimony of Jeff Ray and Jay Sirodi. Paper No. 64. Plaintiff stated in her response to Defendants' Motion to Exclude Unsupported Damages Claims that she no longer intends to call those witnesses at trial. Thus, Defendants' motion will be denied as moot.

[2] Defendants did not reply to Plaintiff's Response to Defendants' Motion in Limine to Exclude Evidence of Plaintiff's Post Termination Appeal. The time for doing so has passed.

1

damages. As discussed in this Court's Memorandum accompanying its Order denying Defendants' Renewed Summary Judgment Motion, Paper 83, this case was originally before Judge William Quarles, Jr. who ruled on Defendants' initial Summary Judgment Motion. Judge Quarles, in ruling on that motion, concluded that Plaintiff provided no evidence that Defendants caused her to lose her house, and, as a result, could not prove economic damages. Memorandum Opinion, April 14, 2009, at 13. Judge Quarles also concluded that Plaintiff had not provided any details or evidence of her emotional distress caused by 1) placing family members in foster care, 2) moving because she lost her home to foreclosure, and 3) losing her health insurance, which she alleged in her interrogatory responses were the basis for her distress. Id. at 14.

Plaintiff has argued, however, that she provided evidence of emotional distress related to her taking of medical leave. The emotional distress to which that evidence relates, however, took place prior to Plaintiff's termination. This Court agrees with Defendants' argument that, because Plaintiff has failed to provide evidence of her emotional distress relating to her suspension and termination, Plaintiff's testimony on those issues would likely create a significant risk of unfair prejudice or confusion of the issues, or mislead the jury. For that reason, the Court agrees that the evidence should be

excluded under Federal Rule of Evidence 403. Moreover, because such testimony would require Defendants to introduce rebuttal evidence from Plaintiff's bankruptcy and foreclosure cases, it would likely cause undue delay and waste of time at trial. See Fed. R. Evid. 403. Therefore, this Court will grant Defendants' motion to exclude testimony by Plaintiff that her suspension and termination caused her economic and non-economic damages.

## II.  MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S POST-TERMINATION CIVIL SERVICE COMPLAINT

Defendants' second motion in limine is to exclude evidence of Plaintiff's post-termination civil service complaint on the grounds that it is not relevant (Fed. R. Evid. 402) and that it would potentially confuse or prejudice the jury (Fed. R. of Evid. 403). Defendants are correct as to the complaint and the Civil Service Commission's conclusions. The Court recognizes, however, that Defendants may open the door rendering some of the evidence in relation to that hearing admissible. For example, Defendants have written to the Court acknowledging that they may want to admit into evidence that Plaintiff filed a complaint, and, as a result, Defendants reinstated her and paid her backpay. Plaintiff has argued that she may want use some portion of the evidence presented in that hearing to demonstrate the credibility of a witness or as an admission of a relevant fact regarding retaliation. Thus, although the Court will grant

the motion, it is notwithstanding the fact that Defendant may open the door to the use of portions of material from the hearing.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion in limine to exclude unsupported damages claims will be granted and their motion in limine to exclude evidence of Plaintiff's post-termination civil service complaint will be granted.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

April 23, 2010